IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Crim. No. 19-64-RGA |
| LEOCADIO VALLARTA ISIP, JR., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant filed a motion to dismiss the indictment based on a Speedy Trial Act violation. (D.I. 45). The allegation is that the Government failed to obtain an indictment within the thirty-day limit provided by the Act. (*Id.* at 5-11).

The Government obtained a criminal complaint on July 18, 2018. (D.I. 2). It charged one offense, a violation of 18 U.S.C. § 2423(b) – travel with intent to engage in illicit sexual conduct. The indictment has three counts. (D.I. 25). Count One charges a child pornography offense; Count Three charges a violation of 18 U.S.C. § 2423(c) – engaging in illicit sexual conduct in foreign places. Count Two charges the same offense as the criminal complaint. Under binding Third Circuit precedent, *see United States v. Watkins*, 339 F.3d 167 (3d Cir. 2003), even if the motion were successful, it would only result in the dismissal of Count Two.

Defendant's motion is based on the fact that the time within which to indict was extended five times.[1] (D.I. 9, 12, 15, 17, 19; *see also* D.I. 46 at 6 (chart summarizing the relevant information)). Each of the orders followed a motion requesting the extension. (D.I. 8, 11, 14,

---

[1] Defendant says it was six times, but I think it is effectively five times since the Government filed two motions covering the same time period. (*See* D.I. 46 at 6 n.8).

16, 18). Each of the motions was unopposed. The reason advanced in each of the motions was to give the parties more time to engage in plea discussions, which was represented to be in the interests of justice and to outweigh the interests of Defendant and the public in a speedy trial. The orders specifically recited the appropriate standard for an "ends of justice" continuance.

Defendant concedes that the reason offered in the motions "of course is an appropriate basis to exclude time." (D.I. 49 at 3). Defendant faults only one thing. Defendant says the Court should have explained its reasons "orally or on the record" without merely reciting the appropriate standard while granting the motions. (D.I. 45 at 7-8; D.I. 49 at 3). Defendant says appellate review is "virtually impossible." (D.I. 49 at 3). I disagree. It is perfectly clear why the Court granted each of the motions. Each motion cited a valid reason as the basis for the extension of time. Thus, the Court articulated a valid case-specific rationale for the extensions. As Defendant did not oppose the extensions, and they were based on facially-valid reasons, I do not think the Court was required to do anything more to justify the extensions. *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992) ("it is not necessary for [the Court] to articulate facts which are obvious and are set forth in the motion for the continuance itself.").[2]

The motion to dismiss (D.I. 45) is **DENIED**.

IT IS SO ORDERED this 2 day of January 2020.

United States District Judge

---

[2] I note that the Government has supplied various email chains showing discussions between counsel, which reflect among other things delay related to the plea negotiations as the result of the need to obtain translations from Tagalog, and negotiations about whether a plea would have a minimum mandatory amount of time. The emails explain why defense counsel would reasonably have thought the delay was in the best interest of Defendant.